NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000799
16-MAR-2023
07:51 AM
Dkt. 114 MO

NO. CAAP-18-0000799

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE PETITION OF TEHINE AVILLA,
JOHN VILLANUEVA, AND FRANKLIN BIDDINGER,
Petitioners-Appellants,
v.
GORDON I. ITO, INSURANCE COMMISSIONER, DEPARTMENT OF
COMMERCE AND CONSUMER AFFAIRS, STATE OF HAWAIʻI,
Appellees-Appellees,
and
UNITED HEALTHCARE INSURANCE COMPANY, DBA EVERCARE,
Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 18-1-0060-01, 18-1-0061-01, AND 18-1-0062-01)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Nakasone, Chan, JJ.)

In this secondary appeal, Appellants-Petitioners/
Appellants Tehine Avilla (**Avilla**), John Villanueva (**Villanueva**)
and Franklin Biddinger (**Biddinger**) (collectively, **Appellants**)
appeal from separate "Order[s] Correcting and Affirming
Commissioner's Award of Attorney Fees and Costs" and Final
Judgments, entered on September 18, 2018, by the Circuit Court of
the First Circuit (**Circuit Court**),[1] following remand from this
court's prior decision in Harrison v. Ito, Nos. CAAP-12-0000645,

---

[1] The Honorable Keith K. Hiraoka presided.

CAAP-12-0000646, CAAP-12-0000647, 2015 WL 4067205 (App. June 30, 2015) (mem.), aff'd, Nos. SCWC-12-0000645, SCWC-12-0000646, SCWC-12-0000647, 2016 WL 5239646 (Haw. Sept. 22, 2016) (SDO).[2]

Appellants were enrollees in managed care plans administered by Appellee-Respondent/Appellee United Healthcare Insurance Company, dba Evercare (**Evercare**).[3] This joint appeal[4] arises out of Appellants' respective challenges to the fees and costs they were awarded by Appellee-Appellee Gordon I. Ito, Insurance Commissioner, Department of Commerce and Consumer Affairs, State of Hawaiʻi (**Commissioner**), in connection with external review proceedings.

On appeal, Appellants contend that: (1) the Circuit Court erroneously applied an abuse of discretion standard of review to the Commissioner's denial of certain attorney's fees and costs under Hawaii Revised Statutes (**HRS**) § 432E-6(e),[5] rather than a *de novo* standard of review; and (2) the Commissioner's interpretation and application of HRS § 432E-6(e)

---

[2] The previous appeal in this case, Avilla v. Ito, No. CAAP-12-0000646, was one of three cases in the consolidated appeal of Harrison v. Ito. In Harrison, we vacated the Circuit Court's dismissal of Appellants' request for judicial review of the Commissioner's award of attorney's fees for lack of jurisdiction, and remanded for a decision on the merits. 2015 WL 4067205, at *4-7.

[3] Evercare administers the Quest Expanded Access Medicaid plan that provides medically necessary covered services for aged, blind, or disabled enrollees. See Delos Santos v. Ito, No. CAAP-17-0000477, 2023 WL 2200585, at *1 n.5 (App. Feb. 24, 2023) (mem.). Evercare now operates as UnitedHealthcare Insurance Company, Inc. Id.

[4] As explained infra, the joint appeal was procedurally improper.

[5] The external review statute, HRS § 432E-6, contains an attorney's fees and costs provision in subsection (e) allowing the insurance commissioner discretion to award fees and costs "in connection with the external review under this statute." This section provides:

> (e) An enrollee may be allowed, at the commissioner's discretion, <u>an award of a reasonable sum for attorney's fees and reasonable costs incurred in connection with the external review under this section</u>, unless the commissioner in an administrative proceeding determines that the appeal was unreasonable, fraudulent, excessive, or frivolous.

HRS § 432E-6(e) (2005) (repealed 2011) (emphasis added).

to deny the fees and costs at issue was inconsistent with the purpose and intent of the external review statute.[6]

We hold that the Circuit Court erroneously affirmed the Commissioner's denial of certain attorney's fees and costs, where the Commissioner did not apply the plain language of the statute, and construed the language inconsistent with the purpose and intent of the statute, which we recently set forth in Delos Santos, 2023 WL 2200585, at *10-14.

## I. BACKGROUND

The underlying cases share a common background, where each Appellant appealed Evercare's notice of a proposed reduction in covered home health services (**coverage reduction notice**) through the external review procedure under HRS Chapter 432E.[7] Evercare conducted an internal review upholding its coverage reduction decision in a "final internal determination" against

---

[6]     We have restated, reorganized, and consolidated Appellants' points of error and arguments for clarity.  Appellants' Opening Brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28.  The points of error do not indicate "where in the record" the alleged errors were raised before the Circuit Court.  See HRAP Rule 28(b)(4)(iii) (requiring that each point "shall state" where in the record "the alleged error was brought to the attention of the court").  The Opening Brief also contains arguments in the statement of the case and standard of review sections that are not contained in their points of error.  See HRAP Rule 28(b)(3) and (b)(5) (setting forth requirements for the statement of the case and standards of review sections, which do not include argument).  In view of the policy of deciding cases on their merits, we nevertheless address Appellants' arguments to the extent we can discern them.  See Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (internal citations, quotation marks, brackets, ellipses omitted) (addressing cases on their merits despite noncompliance with HRAP Rule 28, "where the remaining sections of the brief provide the necessary information to identify the party's argument").

[7]     HRS Chapter 432E, entitled the "Patients' Bill of Rights and Responsibilities Act," governs managed care plans and includes an external review procedure by which the enrollee may pursue a complaint against the managed care plan, in HRS § 432E-6.  "'External review' means an administrative review requested by an enrollee under section 432E-6 of a managed care plan's final internal determination of an enrollee's complaint."  HRS § 432E-1 (2005).

HRS § 432E-6 was repealed by the 2011 Legislature, to comply with the federal Patient Protection and Affordable Care Act of 2010.  See Haw. Med. Serv. Ass'n v. Adams, No. CAAP-10-0000011, 2013 WL 4606314, at *1 n.2 (App. Aug. 29, 2013) (SDO); 2011 Haw. Sess. Laws Act 230, § 10 at 746.  The current external review law is contained in HRS Chapter 432E, Part IV, entitled "External Determinations."  See HRS §§ 432E-31-432E-44.

each Appellant.[8]  After each Appellant requested an external review[9] and while such request was pending the convening of an external review panel, Evercare issued a May 17, 2011 letter cancelling its coverage reduction notice in each case.  The Commissioner subsequently dismissed the requests for external review via a June 27, 2011 Order of Dismissal (**Dismissal Order**) in each case, finding there was "no good cause to convene a review panel" because Evercare was no longer reducing coverage in each case.  The record thus reflects that Avilla's external review was pending for over four months, from February 16, 2011 to the June 27, 2011 dismissal; Villanueva's external review request was pending for over three months, from March 16, 2011 to the June 27, 2011 dismissal; and Biddinger's external review request was pending for over three months, from March 14, 2011 to the June 27, 2011 dismissal.

In the December 12, 2017 "Commissioner's Award of Attorney Fees and Costs" (**Fee Award**) filed in each case, the Commissioner awarded attorney's fees and costs to each Appellant, even though the external review hearing did not occur.[10]  The Commissioner reduced attorney's fees for each Fee Award, by denying fees incurred for the time periods before the final internal determination, and after Evercare's May 17, 2011 cancellation of the coverage reduction notices.  The Commissioner also denied expert witness costs for each Appellant.  The pertinent background for these disallowed fees and costs follows.

---

[8]  "Internal review" is defined as "the review under section 432E-5 of an enrollee's complaint by a managed care plan."  HRS § 432E-1.  While not defined in Chapter 432E, a "final internal determination" is a managed care plan's determination following an internal review.  See HRS § 432E-5 (2005).

[9]  Avilla requested external review on February 16, 2011.  Villanueva requested external review on March 16, 2011.  Biddinger requested external review on March 14, 2011.

[10]  Avilla was awarded $6,019.48 in attorney's fees and costs, including tax, and was denied $5,849.83.  Villanueva was awarded $8,797.48 in attorney's fees and costs, including tax, and was denied $3,858.56.  Biddinger was awarded $6,124.73 in attorney's fees and costs, including tax, and was denied $5,922.83.  Appellants were all represented by the same counsel (**Appellants' Counsel**).

**Attorney's fees incurred before the final internal determination**

Before the final internal determination was complete, each Appellant consulted with Appellants' Counsel, who began working on their cases. Appellants' Counsel hired Wendy Votroubek (**Nurse Votroubek**), a registered nurse from Portland, Oregon, to perform in-home assessments for multiple clients, including Appellants. Nurse Votroubek visited Villanueva on Kauaʻi and Avilla and Biddinger on Oʻahu in March 2011; evaluated each Appellant's living situation in relation to their disabilities; and presented reports to Appellants' Counsel.

In Avilla's case, Appellants' Counsel billed for work done from January 19, 2011 through January 27, 2011, before the February 2, 2011 final internal determination and Avilla's February 16, 2011 request for external review.

In Villanueva's case, Appellants' Counsel billed for work done from February 11, 2011 through February 24, 2011, before the March 4, 2011 final internal determination and Villanueva's March 16, 2011 request for external review.

In Biddinger's case, Appellants' Counsel billed for work done from February 12, 2011 through March 3, 2011, before the March 8, 2011 final internal determination and Biddinger's March 14, 2011 request for external review.

**Attorney's fees incurred after Evercare's cancellation of coverage reduction notices**

In Avilla's case, Appellants' Counsel billed for work done on May 18, 2011 and May 20, 2011, after Evercare's May 17, 2011 cancellation notice, and before the Commissioner's June 27, 2011 External Review Dismissal Order.

In Villanueva's case, Counsel billed for work done on May 19, 2011, after Evercare's May 17, 2011 cancellation notice, and before the Commissioner's June 27, 2011 External Review Dismissal Order.

There was no similar billing in Biddinger's case.

### The Fee Awards

Avilla's Fee Award denied attorney's fees incurred from January 19, 2011 to January 27, 2011, during the period before the February 2, 2011 final internal determination, as "not incurred as a result of the external review decision of February 2, 2011 [sic]."[11]  Avilla's Fee Award denied attorney's fees for May 18, 2011 and May 20, 2011, during the period after Evercare's May 17, 2011 cancellation notice, as "not incurred during an active dispute."

Villanueva's Fee Award denied attorney's fees incurred from February 11, 2011 through February 24, 2011, during the period before the March 4, 2011 final internal determination, as "not incurred as a result of the issuance of the external review decision of March 4, 2011 [sic]."[12]  Villanueva's Fee Award denied attorney's fees for May 19, 2011, during the period after Evercare's May 17, 2011 cancellation notice, as "not incurred during an active dispute."

Biddinger's Fee Award denied attorney's fees incurred from February 12, 2011 through March 3, 2011, during the time period before the March 8, 2011 final internal determination, as "not incurred in connection with the external review of the March 8, 2011, decision" because this time period "was prior to the issuance of a final internal determination and, thus, before an external review was triggered."

The Commissioner also denied each Appellant's request for expert witness costs for identical reasons.  In Avilla's and Villanueva's Fee Awards, the Commissioner denied expert witness costs because the expert witness was retained "for the external hearing which did not occur[;]" and because the assessment "was not recived [sic] by [Evercare] and was not a factor in [Evercare]'s decision to cancel its decision."  Biddinger's Fee

---

[11]     Avilla's Fee Award erroneously refers to the February 2, 2011 final internal determination as the "external review decision[.]"

[12]     Villanueva's Fee Award erroneously refers to the March 4, 2011 final internal determination as the "external review decision[.]"

Award denied expert witness costs because the expert witness was retained "for an external hearing which did not occur" and because the expert witness's assessment was "not presented to [Evercare] for review and consideration and were not a factor to [Evercare] canceling its final internal determination."

### Appeal to Circuit Court

Each Appellant appealed the Fee Awards to the Circuit Court, and the Circuit Court affirmed the Fee Awards[13] following an August 31, 2018 hearing. The Circuit Court's September 18, 2018 "Order[s] Correcting and Affirming Commissioner's Award of Attorney Fees and Costs" found in each Award that the Commissioner "sufficiently stated his reasons" for disallowing certain attorney's fees and costs and "did not abuse his discretion in refusing to award all of the attorney's fees and costs requested by Appellant."

### Joint appeal to this court

Appellants' Counsel filed a Joint Notice of Appeal on October 17, 2018, citing HRAP Rule 3(b),[14] which we note was procedurally improper. HRAP Rule 3(b) refers to "judgment" and "order" in the singular form, and applies to multiple appellants jointly appealing from the same judgment or order from the same underlying case. See 16A Charles Alan Wright & Arthur R. Miller,

---

[13] The Circuit Court corrected calculation errors in the Awards. The Circuit Court acknowledged that Commissioner had conceded a clerical error in calculating the related General Excise Tax (**GET**) and awarded an adjusted GET payment to each Appellant.

[14] HRAP Rule 3(b), entitled "Joint or consolidated appeals," provides:

> If two or more parties are entitled to appeal from a judgment or order and their interests are such as to make joinder practicable, they may file a joint notice of appeal and thereafter proceed on appeal as a single appellant. Appeals may be consolidated by order of either of the Hawaiʻi appellate courts upon the court's own motion, upon motion of a party, or upon stipulation of the parties to the several appeals and approval by the court.

(Emphasis added).

Federal Practice and Procedure § 3949.2 (5th ed. 2022) (explaining that under the parallel federal rule, "[a]ppellants entitled to appeal from the same judgment or order may join their appeals by filing a joint notice of appeal.").

Here, the record reflects that the parties filed a stipulation for consolidation in the prior appeal, <u>Harrison v. Ito</u>. Following remand, however, the cases proceeded unconsolidated under three civil case numbers. The Circuit Court issued separate orders and judgments in each case, and thereafter, three separate appeals should have been filed, with consolidation by motion or stipulation by the parties and upon approval by this court. <u>See</u> HRAP Rule 3(b). Despite this procedural flaw, the joint appeal was timely as to each judgment issued by the Circuit Court, and we have appellate jurisdiction. Further, as there was no opposition to the joint appeal, and because the parties briefed the case as if the cases were consolidated, we consider Appellants' joint appeal on the merits. <u>See</u> <u>Mark v. Mark</u>, 9 Haw. App. 184, 186, 828 P.2d 1291, 1293 (1992) (recognizing that although two cases were improperly consolidated by stipulation of the parties under HRAP Rule 3(b) by the trial court, because the cases were briefed as if they were consolidated, the appellate court would decide both appeals).

## II. STANDARDS OF REVIEW

### A. Secondary Appeals

Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal. The standard of review is one in which [the appellate] court must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in HRS § 91-14(g) (1993) to the agency's decision.

HRS § 91-14, entitled "Judicial review of contested cases," provides in relevant part:

(g) Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

8

> (1)  In violation of constitutional or statutory provisions; or
>
> (2)  In excess of the statutory authority or jurisdiction of the agency; or
>
> (3)  Made upon unlawful procedure; or
>
> (4)  Affected by other error of law; or
>
> (5)  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6)  Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
>
> Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects under subsection (3); findings of fact under subsection (5); and an agency's exercise of discretion under subsection (6).

United Pub. Workers, AFSCME, Local 646, AFL-CIO v. Hanneman, 106 Hawaiʻi 359, 363, 105 P.3d 236, 240 (2005) (brackets omitted) (quoting Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 416, 91 P.3d 494, 498 (2004)).

### B.  Conclusions of Law

"Pursuant to HRS § 91-14(g), an agency's conclusions of law are reviewed de novo." Id. (citation omitted).  "A circuit court's conclusions of law are subject to *de novo* review." Paul's Elec. Serv., 104 Hawaiʻi at 420, 91 P.3d at 502 (citation omitted).

### C.  Statutory Interpretation

"Statutory interpretation is a question of law reviewable de novo." Stout v. Bd. of Trs. of the Emps.' Ret. Sys., 140 Hawaiʻi 177, 185, 398 P.3d 766, 774 (2017) (citing Citizens Against Reckless Dev. v. Zoning Bd. of Appeals, 114 Hawaiʻi 184, 193, 159 P.3d 143, 152 (2007)).

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning.  Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the

language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

When there is ambiguity in a statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent, such as legislative history, or the reason and spirit of the law.

Id. (quoting Citizens Against Reckless Dev., 114 Hawaiʻi at 193-94, 159 P.3d at 152-53).

### III. DISCUSSION

**A.  Under the circumstances of this case, a *de novo* standard of review applies rather than abuse of discretion to the Commissioner's denials of the fees and costs at issue.**

Appellants argue that *de novo* review under HRS § 91-14(a)(1), (2) and (4) was required, because "the Commissioner made errors of law in deciding to disallow reasonable attorneys' fees and reasonable costs" that Appellants incurred in their respective external reviews. Appellants also claim the Circuit Court "erroneously applie[d] the abuse of discretion standard" when it affirmed the Commissioner's "refus[al] to award all of the attorney's fees and costs requested by Appellant[s]." Appellants argue that the Commissioner's denial of the attorney's fees and costs at issue was dependent on the Commissioner's erroneous interpretations of HRS § 432E-6(e), which necessitate *de novo* review.

Appellants' argument regarding the standard of review is similar to what was presented in Delos Santos. We held there that a *de novo* standard of review applied to the Commissioner's decisions interpretating and applying HRS § 432E-6(e). 2023 WL 2200585, at *7-8. We explained that:

> [T]he Commissioner's specific denials of the attorney's fees and expert costs at issue did not involve the discretionary areas identified in the statute, i.e. whether to award fees and costs or not, or what sum would be reasonable. Rather, the Commissioner interpreted the statutory language, "in connection with the external review under this statute," to determine whether attorney's fees incurred during a

10

particular time frame were within the scope of the statute. With respect to expert witness fees, the Commissioner also interpreted the statute to determine whether specific costs such as expert witness fees were permissible under the statute. Because these are conclusions of law interpreting and applying HRS § 432E-6(e), we apply a *de novo,* right/wrong standard of review.

Id. at *8 (citations omitted).

Here, the Commissioner interpreted the statutory language "incurred in connection with the external review" to deny attorney's fees because they were incurred during particular time frames that the Commissioner deemed were not in connection to the external review. The Commissioner also interpreted HRS § 432E-6(e) to deny expert witness costs. Thus, the Commissioner interpreted and applied HRS § 432E-6(e), and drew conclusions of law, for which a *de novo*, right/wrong standard of review applies. See id.; Stout, 140 Hawai‘i at 185, 398 P.3d at 774; United Pub. Workers, 106 Hawai‘i at 363, 105 P.3d at 240.

**B.  The Commissioner's interpretation and application of HRS § 432E-6(e) to deny the fees and costs at issue were erroneous.**

Appellants argue, *inter alia*, that each Fee Award "[c]ontravenes the [m]anifest [p]urposes of HRS § 432E-6(e)" and that "[i]n construing the term 'in connection with the external review,['] the Commissioner was required to correctly ascertain and give effect to the intention of the legislature." Applying the analysis we recently set forth in Delos Santos, the Commissioner's grounds for denial of the fees and costs at issue did not follow the plain language of HRS § 432E-6(e), and was inconsistent with the purpose and intent of the external review statute.

**1.  The Commissioner's grounds for denial of attorney's fees incurred prior to the final internal determination were erroneous.**

Avilla's and Villanueva's Fee Awards denied attorney's fees incurred prior to the final internal determination as "not incurred as a result of the external review decision[.]" (Emphasis added). The Biddinger Fee Award denied fees for this

11

time period because the fees were incurred "<u>before</u> an external review was <u>triggered</u>."  (Emphases added).

In <u>Delos Santos</u>, we explained that the plain language of "in connection with" is broad -- without temporal, or time-specific limitations:

> HRS § 432E-6(e) does not use temporal, or time-specific language such as "***during*** the external review," but uses broader language, "in connection with[.]"  Merriam-Webster defines "in connection with" as "in relation to (something)."  Thus, the phrase "in connection with" -- means the attorney's fees incurred "in relation to" the external review, without any temporal or time-specific language like the word "during."

<u>Delos Santos</u>, 2023 WL 2200585, at *9 (citations omitted).

Here, as in <u>Delos Santos</u>, Appellants' Counsel's work prior to the final internal determination was in connection with, and related to, the same issue in the subsequent external review -- Evercare's attempt to reduce covered services for each Appellant.  The statute authorizes fees incurred "in connection with" an external review -- not "as a result of" an external review, and not dependent on when external review "was triggered."  The Commissioner's justifications to deny attorney's fees did not apply the plain language of HRS § 432E-6(e) and were erroneous.

As we explained in <u>Delos Santos</u>, a broad interpretation of "in connection with" is also consistent with the liberal construction that we must afford to a remedial statute like HRS § 432E-6(e).  <u>Id.</u> at *9-10.  Such an interpretation is also consistent with the purpose and intent of the external review statute, to assist patients of managed care plans like Appellants, and to afford them rights and protections.[15]  <u>Id.</u> at

---

[15]  In <u>Delos Santos</u>, we examined the legislative history and purpose of the external review statute, and explained that:

> [T]he Legislature's purpose for enacting the external review statute, HRS § 432E-6, was to assist patients of managed care plans and to afford them rights and protections.  The external review procedure in HRS § 432E-6 provided a procedural remedy in the form of a review hearing, and

(continued...)

*10-11.  We conclude that, under a *de novo* review, the Commissioner's grounds for denying attorney's fees in each Fee Award incurred prior to the final internal determination were erroneous.  See United Pub. Workers, 106 Hawai'i at 363, 105 P.3d at 240.

> **2.    The Commissioner's grounds for denial of attorney's fees incurred after Evercare's cancellation of the coverage reduction notices were erroneous.**

Avilla's and Villanueva's Fee Awards denied attorney's fees incurred after Evercare's cancellation notices because the fees "were not incurred during an active dispute."  This justification to deny attorney's fees did not apply the plain language of HRS § 432E-6(e), which authorizes attorney's fees "in connection with the external review" -- and not contingent upon "an active dispute."  The billing entries in question for May 18, 19 and 20, 2011 were related to, and in connection with the external reviews for Avilla and Villanueva, which were still pending and not dismissed until the June 27, 2011 Dismissal Order.  The denial of the attorney's fees incurred after the cancellation notice was erroneous given the grounds relied upon by the Commissioner.  See id.

---

[15](...continued)
> served to strengthen the consumer rights of patients, to enforce a patient's rights against unreasonable adverse determinations regarding health care coverage, and to protect the health and safety of the patient while cost-reducing measures were implemented by managed care plans. The award of reasonable attorney's fees and costs for an enrollee who mounted a challenge to a managed care plan's decision through an external review, is remedial because it facilitates the enforcement of patients' rights through the external review procedure.  The statutory provision allowing an award of reasonable attorney's fees and costs to an enrollee promotes the redress of injuries for enrollees who incur attorney's fees and costs for an external review.

2023 WL 2200585, at *11 (citations omitted).

3. **The Commissioner's denial of expert witness costs on grounds that the external review hearing did not occur was erroneous.**

All of the Fee Awards denied expert witness fees because the external review hearing "did not occur[;]" the expert witness did not appear or testify; the expert's assessment was not provided to Evercare; and the expert's assessment was "not a factor" in Evercare's cancellation notices. These grounds for denying the expert witness costs are erroneous because they do not apply the plain language of the statute – allowing costs incurred "in connection with the external review[.]" HRS § 432E-6(e). The expert witness costs were clearly related to the external review, as the expert's assessment was Appellants' attempt to meet their burden of proof at the external review hearing to show that Evercare's decision to reduce covered services was unreasonable. See Delos Santos, 2023 WL 2200585, at *15-16 (rejecting the categorical exclusion of expert witness fees as costs in view of a conflict of laws provision in HRS Chapter 432E, and the burden of proof placed upon the enrollee to demonstrate that the managed care plan's proposed reduction of services was unreasonable and that the existing level of services was medically necessary). To the extent the language "in connection with the external review" is ambiguous as applied here, where an external review hearing never occurred, HRS § 432E-6(e) must be liberally construed in light of its remedial purpose and consistent with legislative intent. See id. at *10. Thus, we conclude that the Commissioner's grounds for denying expert witness costs under the circumstances of this case were wrong. See United Pub. Workers, 106 Hawaiʻi at 363, 105 P.3d at 240.

**IV. CONCLUSION**

For the foregoing reasons, we vacate the September 18, 2018 separate "Order[s] Correcting and Affirming Commissioner's Award of Attorney Fees and Costs" and Final Judgments, filed and entered by the Circuit Court of the First Circuit; and we remand

to the Circuit Court, with instructions to remand each Appellant's case to the Commissioner to consider the attorney's fees and costs that are the subject of this appeal, consistent with this Memorandum Opinion.

DATED:  Honolulu, Hawaiʻi, March 16, 2023.

On the briefs:

Rafael G. Del Castillo
(Jouxson-Meyers & Del
Castillo)
for Petitioners-Appellants

Daniel K. Jacob
Deputys Attorney General
for Appellee-Appellee

Dianne Winter Brookins
(Dentons US LLP)
for Respondent-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Derrick H. M. Chan
Associate Judge